IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHIRLEY BAILEY                                                                      PLAINTIFF/
                                                                         COUNTER-DEFENDANT

v.                              No. 4:14-cv-325-DPM

UNITED STATES OF AMERICA,
Department of the Treasury and
Internal Revenue Service                                                          DEFENDANT/
                                                                              COUNTERCLAIMANT

## ORDER

**1.** The law penalizes responsible persons who willfully fail to pay employment taxes. 26 U.S.C. § 6672(a); *Colosimo v. United States*, 630 F.3d 749, 752 (8th Cir. 2011). Was Shirley Bailey a responsible person who willfully failed to pay employment taxes for Rig-Up Electrical Services in 2007–2008? She says, as a matter of law, no. The United States says a jury must decide. It's a close call, but the United States is right.

The back story is a family's attempt to pass a business from one generation to the next. Bailey says she gave her son the reins in 2007, then sold him the assets of the business in 2008, and only then found out he'd neglected to pay more than a million dollars in employment taxes. She contends she couldn't have known about his omission: her Arkansas bank wired funds to the company's Arkansas account to pay the IRS; her son's

people used tricky accounting to hide the nonpayment; and she wasn't getting the bank statements that would've revealed the truth. *№ 32 at ¶¶ 15, 17, 23, 35, 37, 44–47, 59, 61–62, 80.*

Bailey's son disputes all this. He insists Bailey never turned loose of the business before the sale. *№ 42 at 4.* He maintains that Bailey had final authority over money, including taxes. *№ 42 at 9–10.* (She admittedly remained Rig-Up's president and majority stockholder until the sale. *№ 42 at 1–2.*) Bailey's daughter, Melissa Andrews, worked for Rig-Up in 2003 or 2004 and was in and out of the Arkansas office in the couple of years before the sale. *№ 38-2 at 9–10 & 38* (deposition pagination). Andrews testified that Bailey knew more about the Texas operations than she lets on. *№ 42 at 30–31.* And Bailey's son says Bailey knew about some 2008 IRS notices about unfiled tax returns. *№ 42 at 35*.

These disputed material facts preclude summary judgment. It's true, as Bailey notes, that this isn't *Bradbury v. United States*, where this Court found responsible-person status and willfulness as a matter of law. No. 4:11-cv-810-DPM (E.D. Ark. 24 March 2014). But it's not *Barton v. United States*, 988 F.2d 58 (8th Cir. 1993) or *Colosimo v. United States*, 707 F. Supp. 2d 926 (S.D. Iowa 2010) either. There's more than just a corporate title, check-writing

authority, and knowledge of past unpaid taxes. Rig-Up employees say Bailey retained control of the business in 2007–2008. So there's a real dispute on responsible-person status. Willfulness is a closer question. But willfulness isn't a bad heart; it's reckless disregard of an obvious risk that taxes aren't being paid. *Colosimo v. United States*, 630 F.3d at 753. And ordinarily it's a fact question. *Ibid.* Here there's evidence that, while she retained control of Rig-Up, Bailey should've known about the unremitted taxes. A jury might not believe that evidence, but a jury must be the one to weigh it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Bailey's motion, № 30, is therefore denied.

**2.** The Court can't keep the 11 July 2016 trial setting. It must try an older case that week. The Amended Final Scheduling Order, № 19, is therefore suspended. A Second Amended Final Scheduling Order will issue.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

 18 May 2016